## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN C. SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>LYONS, DOUGHTY & VELDHUIS, P.C., and CREDIGY RECEIVABLES, INC.<br><br>Defendants. | Civil Case Number: _____<br><br>## CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**JURY TRIAL DEMANDED** |

Plaintiff, FRANKLIN C. SMITH, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") residing at 70 Keer Avenue, Newark, New Jersey 07112, by and through his undersigned attorney, alleges against the above-named Defendants, LYONS, DOUGHTY & VELDHUIS, P.C., with its principal executive office located at 136 Gaither Drive, Suite 100, Mt. Laurel, New Jersey 08054, (hereinafter "Defendant LYONS"), and CREDIGY RECEIVABLES, INC., with its principal executive office located at, 3950 John Creek Court, Suwanee, GA 30024 (hereinafter "Defendant CREDIGY"), their employees, agents, and successor alleges the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. §1692 *et seq.*

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in §803 of the FDCPA and 15 U.S.C. §1692(a).

## PARTIES

5.     The FDCPA, 15 U.S.C. §1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person and a resident of the State of New Jersey, County of Essex and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.     Defendant LYONS is a domestic business corporation with its principal executive office located at 136 Gaither Drive, Suite 100, Mt. Laurel, New Jersey 08054.

8.     Upon information and belief, the principal business purpose of the Defendant LYONS is the collection of debts using the mail, telephone, and facsimile

and regularly attempts to collect debts alleged to be due another. Defendant LYONS is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9. Upon information and belief, CREDIGY is a foreign business corporation with its principal executive office located at 3950 John Creek Court, Suwanee, GA 30024, and is a necessary party to the fair adjudication of this Action.

10. Upon information and belief, the principal business purpose of Defendant CREDIGY is the collection of debts using the mail, telephone, and facsimile and regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. §1692 *et seq.*

- The Class period begins one year to the filing of this Action.

13.   The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that are sent to hundreds and/or thousands of persons.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.   Whether the defendants violated various provisions of the FDCPA including but not limited to 15 U.S.C.§§ 1692c(a)(2),   1692c(c),   1692g(a)(1),   1692e(10), 1692g(a)(3), 1692g(a)(5), 1692e(11);

    b.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and

appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent counsel to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.    Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.    Absent a Class

Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. On or about June 6, 2007, Defendant CREDIGY, contacted Plaintiff in an attempt to collect an alleged debt.

15. On or about June 6, 2007, Defendant CREDIGY was notified in writing (via certified mail 7002 2030 0002 5080 5266, regular mail and facsimile) that the undersigned law firm had been retained to represent the interest of Plaintiff in this matter and was instructed to *Cease and Desist* all direct communication with Plaintiff. Furthermore, Defendant CREDIGY was informed that Plaintiff is paralyzed and bed-ridden and was unable to satisfy the alleged debt. A copy of said writing and proof of receipt is attached hereto as **Exhibit A.**

16. On or about August 22, 2007, Defendant CREDIGY retained the services of Defendant LYONS for the purpose of collecting from Plaintiff the alleged debt.

17.   On or about August 22, 2007, Defendant LYONS, communicated directly with Plaintiff by mailing a letter, in an attempt to collect the alleged debt, directly to Plaintiff's home address. A copy of said letter is annexed hereto as **Exhibit B.**

18.   Upon receipt of Defendant LYONS' letter dated August 22, 2007, Plaintiff read said letter.

19.   On or about August 28, 2007, the undersigned law firm notified Defendant LYONS, in writing (via certified mail 7002 2030 0002 5080 5433, regular mail and facsimile) that this law firm had been retained to represent the interest of Plaintiff with respect to this matter. Defendant was further informed in said writing that Plaintiff disputed the alleged debt and demanded a verification pursuant to 15 U.S.C. §1692g(b). A copy of said writing is attached hereto as **Exhibit C.**

20.   On or about October 4, 2007, the undersigned law firm received from Defendant LYONS, a letter and a document titled, "VERIFICATION OF DEBT". A copy of said letter and document are attached hereto as **Exhibit D.**

### COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
**VIOLATION OF 15 U.S.C. §1692c(a)(2)**

21.   Plaintiff repeats the allegations contained in paragraphs 1 through 20 as if the same were set forth at length.

22.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23.    Section 1692c(a)(2) of the FDCPA states:

> A debt collector may not communicate with a consumer in connection with the collection of any debt -- if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, *or can readily ascertain, such attorney's name and address,* unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. [emphasis added]

24.    Section 1692c(a)(2) makes it a violation of the FDCPA for a debt collector to communicate with a consumer if the debt collector knows or can readily ascertain that the consumer is represented by an attorney.

25.    Defendant LYONS violated Section 1692c(a)(2) of the FDCPA by mailing a letter on behalf of Defendant CREDIGY, directly to Plaintiff when they knew or could have readily ascertained that Plaintiff was represented by an attorney. *See*, **Exhibit B.**

26.    By reason thereof, Plaintiff has sustained damages when the Defendant LYONS mailed a letter on behalf of Defendant CREDIGY, directly to Plaintiff's home address when they knew or could have readily ascertained that Plaintiff was represented by an attorney

27.    By reason thereof, Defendants are liable to Plaintiff for declaratory

judgment that Defendants' conduct violated Section 1692c(a)(2) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692c(c)

28.    Plaintiff repeats the allegations contained in paragraphs 1 through 27 as if the same were here set forth at length.

29.    Section 1692c(c) of the FDCPA states:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--

> (1) to advise the consumer that the debt collector's further efforts are being terminated;

> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

30.    Section 1692a(2) of the FDCPA defines communication as "[T]he conveying of information regarding a debt directly or indirectly to any person through any medium."

31.    Defendants violated Section 1692c(c) of the FDCPA by mailing a direct communication to Plaintiff after Defendant CREDIGY was informed in writing

to "immediately Cease and Desist all direct communication" with Plaintiff. *See,* **Exhibit A.**

32.    By reason thereof, Plaintiff has sustained damages when the Defendants mailed a direct communication to Plaintiff's home address.

33.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692c(c) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692g(a)(1)

34.    Plaintiff repeats the allegations contained in paragraphs 1 through 33 as if the same were here set forth at length.

35.    Section 1692g(a)(1) of the FDCPA requires the debt collector : "Within five days after the initial communication with a consumer in connection with the collection of any debt... send the consumer a written notice containing...the amount of the debt."

36.    Defendants violated Section 1692g(a)(1) of the FDCPA by mailing a letter on or about August 22, 2007, to Plaintiff which did not stated the amount of the debt. *See,* **Exhibit B.**

37.    By reason thereof, Plaintiff has sustained damages when Defendants mailed a letter on or about August 22, 2007, to Plaintiff which did not state the amount of the debt.

38.    By reason thereof, Defendants are liable to Plaintiff for declaratory

judgment that Defendants' conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT IV

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
## VIOLATION OF 15 U.S.C. §1692e(10)

39.    Plaintiff repeats the allegations contained in paragraphs 1 through 38 as if the same were here set forth at length.

40.    Section 1692e(10) of the FDCPA makes it a violation for a debt collector to: "[U]se any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

41.    By intentionally not stating the total amount of the debt, Defendants employed deceptive means and made false representations in an attempt to collect the alleged debt from Plaintiff, which is a violation of Section 1692e(10). *See*, **Exhibit B.**

42.    By reason thereof, Plaintiff has sustained damages when the Defendants used false and deceptive means and representations in an attempt to collect the alleged debt.

43.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT V

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692g(a)(3)

44.     Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if the same were here set forth at length.

45.     Section 1692g(a)(3) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt... send the consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

46.     Defendant LYONS violated Section 1692g(a)(3) of the FDCPA because the validation notice in its initial communication with Plaintiff did not state that the debt collector or Lyons, Doughty & Veldhuis, P.C. would assume that the debt is valid. The initial communication with Plaintiff only stated that "we will assume that the debt is valid" without informing Plaintiff who "we" are.   The "least sophisticated consumer" would be confused as to whether Defendant LYONS or Defendant CREDIGY or both defendants will assume the debt to be valid. *See,* **Exhibit B.**

47.     By reason thereof, Plaintiff has sustained damages when the Defendant LYONS mailed the initial communication to Plaintiff without clearly stating who would consider the debt valid.

48.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g(a)(3) of the FDCPA,

actual damages, statutory damages, costs and attorney's fees.

### COUNT VI

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692g(a)(5)

49.   Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if the same were here set forth at length.

50.   Section 1692g(a)(3) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt... send the consumer a written notice containing — a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the *name and address* of the original creditor, if different from the current creditor. [emphasis added]

51.   Defendants violated Section 1692g(a)(5) by only providing the name of the original creditor and not the *name and address* as required. *See,* **Exhibit D.**

52.   By reason thereof, Plaintiff has sustained damages when Defendants failed to provide the name and address of the original creditor of the alleged debt as required under Section 1692g(a)(5).

53.   By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g(a)(5) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT VII

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692e(11)

54.    Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were here set forth at length.

55.    Section 1692e(11) of the FDCPA makes it a violation for a debt collector to fail to disclose in communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

56.    Section 1692a(2) of the FDCPA defines communication as "[T]he conveying of information regarding a debt directly or indirectly to any person through any medium."

57.    Defendants violated Section 1692e(11) of the FDCPA when on or about October 4, 2007, Defendant LYONS mailed a letter in an attempt to collect the alleged debt to the undersigned law firm.  Said letter failed to disclose that Defendant was attempting to collect a debt and that any information obtained will be used for that purpose. *See,* **Exhibit D.**

58.    By reason thereof, Plaintiff has sustained damages when the Defendants failed to state in the letter sent on or about October 4, 2007, for the purpose of attempting to collect the alleged debt, that said letter was an attempt to collect a debt and that any information obtained will be used for that purpose.

59.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(11) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff demand judgment against the Defendants on each count as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(f)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
      October 22, 2007

Joseph K. Jones (JJ-5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900
(973) 244-0019 facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

_____
Joseph K. Jones (JJ-5509)


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: October 22, 2007

_____
Joseph K. Jones (JJ-5509)

## VERIFICATION

State of New Jersey          )
                             ) ss:
County of Essex              )

      I, Franklin C. Smith, hereby certify that the facts contained in the

foregoing Complaint are true and correct to the best of my knowledge,

information and belief.


Dated: October 22, 2007

_____
Franklin C. Smith



Sworn to before me this 22nd day of October, 2007

_____
Notary Public


        **Theresa Wilson**
**Notary Public, Morris County NJ**
**My Commission Expires**
**Aug 25, 2010**

# EXHIBIT

# A

*Law Offices of*

# Joseph K. Jones, LLC

Attorney at Law

---

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
Facsimile 973-244-0019
jkj@legaljones.com

<u>Admitted to Practice</u>
New York
New Jersey
United States District Court, New Jersey
Connecticut

67 Wall Street
22nd. Floor
New York, NY 10005
212-709-8301

June 6, 2007

<u>Via facsimile (678) 684-5073, Certified Mail 7002 2030 0002 5080 5266 and Regular Mail</u>
Credigy Receivables
Lisa McGuire
3950 John Creek Court
P.O. Box 2689
Suwanee, GA 30024

   **Re:** **MBNA vs. Franklin Smith**
      <u>**Reference No.: 10166067**</u>

Dear Ms. McGuire:

  This firm has been retained to represent the interest of Franklin Smith relative to the above-captioned matter.

  You are hereby instructed to immediately *Cease and Desist* all direct communications with Mr. Smith. As discussed in our telephone conversation today, Mr. Smith is paralyzed and bed-ridden and is unable to satisfy this account.

  Should you have any questions do no hesitate to contact me.

         Very truly yours,
         LAW OFFICES OF JOSEPH K. JONES, LLC

         Joseph K. Jones
         Attorney at Law

JKJ: tw
cc: Franklin Smith





# EXHIBIT

# B

*Lyons, Doughty
& Veldhuis, P.C.*

136 Gaither Drive • Suite 100 • P.O. Box 1269 • Mt. Laurel, NJ 08054
Email: ldvlaw@ldvlaw.com • Website: www.ldvlaw.com
Phone: (856) 222-0166 • Fax (856) 222-1711• Toll-Free: (888) 322-3922

August 22, 2007

Franklin C. Smith
70 Keer Avenue
Newark, New Jersey 07112

Re:   Credigy Receivables Inc. assignee of First Select, Inc.
       Account No. 4168100024708271

Dear Mr. Smith:

Please be advised that this office represents Credigy Receivables Inc. assignee of First Select, Inc.  in connection with your account.

We have been advised that your account is currently in default. Due to your default in payments, Credigy Receivables Inc. assignee of First Select, Inc. has elected to accelerate the entire unpaid balance on your account.

Please accept this letter as Credigy Receivables Inc. assignee of First Select, Inc. 's request for payment in the amount of $5,740.55 plus unpaid accrued interest, which is $5,028.90.

If you have any questions concerning this matter or if you wish to arrange for payment, I suggest you contact our claims adjuster at extension 8.

Very truly yours,

David R. Lyons

IMPORTANT NOTICE CONCERNING YOUR RIGHTS

UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER THE RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

07-15217-0/FS1
OLY.FRM

David R. Lyons *
Stephen P. Doughty * • *
Hillary Veldhuis **
G. Todd Pondish *

Admitted in:

• New Jersey
• Pennsylvania

# EXHIBIT

# C

*Law Offices of*

# Joseph K. Jones, LLC

Attorney at Law

---

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, New Jersey
Connecticut

67 Wall Street
22nd Floor
New York, NY 10005
212-709-8301

August 28, 2007

Via Facsimile (856) 222-1711, Certified Mail 7002 2030 0002 5080 5433 and Regular Mail
Lyons, Doughty & Veldhuis, P.C.
David R. Lyons, Esq.
136 Gaither Drive, Suite 100
Mt. Laurel, New Jersey 08054

Re:   Franklin C. Smith
      Credigy Receivables, Inc. assignee of First Select, Inc.
      **Account No.:  41681000024708271**

Dear Mr. Lyons:

This firm represents the interest of Franklin C. Smith relative to the above-referenced matter. In accordance with 15 U.S.C. §1692c(c), you are hereby instructed to immediately cease all communications with Mr. Smith and to forward all future correspondence to our New Jersey office.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name of the original creditor.

Please take notice that on June 6, 2007, Credigy Receivables, Inc. was informed, via certified mail, that this firm had been retained to represent the interest of Mr. Smith. Furthermore, Credigy Receivables, Inc. was instructed to immediately cease all direct communications with Mr. Smith.

Your direct communication with our client is a violation of 15 U.S.C. §1692c *et seq,* and your form letter is deceptive and misleading which runs afoul of the legislative intent of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* Mr. Smith has requested that this firm explore all possible legal remedies.

Govern your actions accordingly.

Very truly yours)
LAW OFFICES OF JOSEPH K. JONES, LLC

Joseph K. Jones
Attorney at law

JKJ:tw
cc: Franklin Smith



**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com..

OFFICIAL USE

| | |
|---|---|
| Postage | $ .41 |
| Certified Fee | 2.65 |
| Return Reciept Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.21 |

AUG 2007 Postmark Here

Sent To: LYONS DOUGHTY & VELDHUIS, PC
Street, Apt. No.; or PO Box No. RG GAITHER DR. Suite 100
City, State, ZIP+4 Mt. Laurel, NJ 08054

PS Form 3800, June 2002    See Reverse for Instructions

7002 2030 0002 5080 5433

SENDER: COMPLETE THIS SECTION    COMPLETE THIS SECTION ON DELIVERY

7002 2030 0002 5080 5433

# EXHIBIT

# D

*Lyons, Doughty*
*& Veldhuis, P.C.*

136 Gaither Drive • Suite 100 • P.O. Box 1269 • Mt. Laurel, NJ 08054
Email: ldvlaw@ldvlaw.com • Website: www.ldvlaw.com
Phone: (856) 222-0166 • Fax (856) 222-1711• Toll-Free: (888) 322-3922

October 4, 2007

Joseph K. Jones, Esq.
375 Passaic Avenue
Suite 10
Caldwell, New Jersey 07004

    Re:  Credigy Receivables Inc. assignee of First Select, Inc.
       Account No.   4168100024708271

Dear Mr. Jones:

    Pursuant to your request, enclosed you will find Verification of Debt with regard to the above referenced matter.

    Kindly contact our office, at extension 8, to make arrangements for the balance on this account.

Very truly yours,

David R. Lyons

**THIS FIRM IS A DEBT COLLECTOR**

07-15217-0/FS1
LVN.frm

---

David R. Lyons *
Stephen P. Doughty * • *
Hillary Veldhuis * *
G. Todd Pondish *

Admitted in:

* New Jersey
• Pennsylvania

FAIR DEBT COLLECTION PRACTICE ACT

VERIFICATION OF DEBT

CONSUMER'S
NAME & ADDRESS:     Franklin C. Smith
                    70 Keer Avenue
                    Newark, New Jersey  07112

DEBT COLLECTOR'S
NAME & ADDRESS:     Lyons, Doughty & Veldhuis, P.C.
                    136 Gaither Drive, Suite 100
                    P.O. Box 1269
                    Mt. Laurel, New Jersey  08054

DATE OF NOTICE:     August 30, 2007     ACCT NO.: 4168100024708271

AMOUNT OF DEBT:     Principal      $5,740.55
                    Interest       $5,050.28

                    TOTAL          $10,790.83

NAME OF CREDITOR:   Credigy Receivables Inc. assignee of First
Select, Inc.

NAME OF CREDITOR WHO ORIGINALLY        _MBNA_
OWNED THIS DEBT (Dealer):

Pursuant to your request, enclosed please find the following:

_____

_____
_____
_____

VERIFICATION:       I have read the above notice.  It is a true
                    and accurate statement of the debt owed by
                    the consumer to the creditor named above.

                    BY: _____

07-15217-0/FS1
VD1.FRM